# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ERLENE RAYE ROBBINS,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:11-cv-1061-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration, without oral argument, on the following motion:

> **MOTION:**     **UNOPPOSED MOTION TO REMAND (Doc. No. 11)**
>
> **FILED:**       **October 13, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, the case remanded to the Commissioner of Social Security pursuant to sentence six of Section 405(g) and the Clerk be directed to administratively close the case, but jurisdiction over the case be retained.

On July 15, 2010, Plaintiff, Erlene Raye Robbins (hereafter "Robbins"), filed a Complaint seeking review of the final decision of Defendant, Commissioner of Social Security (hereafter "Commissioner"), denying her application for benefits. Doc. No. 1. On October 13, 2011, the Commissioner filed an unopposed Motion to Remand, pursuant to 42 U.S.C. § 405(g), asserting that remand is appropriate because he has not answered the Complaint and "wishes to

1

take further administrative action in this case" (hereafter "Motion"). Doc. No. 11 at 1. Specifically, the Commissioner states the "record is incomplete because significant portions of the recording of the hearing held on August 6, 2009, are inaudible." Doc. No. 11 at 2.

The sixth sentence of Section 405(g) permits the Court, upon motion by the Commissioner, to remand the case for further action if "good cause" is shown and the Commissioner of Social Security has not filed an answer.[1] It is **RECOMMENDED** the Court find good cause exists for remand in light of the Commissioner's representation that "significant portions" of the hearing are inaudible.[2] Accordingly, the undersigned **RECOMMENDS**:

1. The Motion be **GRANTED**;

2. The case be remanded pursuant to sentence six of Section 405(g);

3. The Clerk be directed to administratively close the case; and

4. Jurisdiction over the case be retained.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on October 13, 2011.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[1] In relevant part, 42 U.S.C. § 405(g), sentence six, provides that the "court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ."

[2] Under a Section 405(g) sentence six remand, the District Court retains jurisdiction pending remand. *See Kieser v. Barnhart*, 222 F. Supp. 2d 1298, 1306 (M.D. Fla. 2002).

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented party